UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NEAL McCOLLUM, :
      Petitioner :
: CIVIL NO. 1:12-CV-241
v. :
: (Judge Caldwell)
KENNETH R. CAMERON, *et al.,* :
      Respondents :


*M E M O R A N D U M*

I.    *Introduction*

On February 6, 2012, petitioner, Neal McCullom, a state inmate incarcerated at the Cresson State Correctional Institution in Cresson, Pennsylvania, filed this *pro se* petition pursuant to 28 U.S.C. § 2254.  In 2006, McCullom was convicted in the Court of Common Pleas of Dauphin County, Pennsylvania, on various sex offenses against a minor.  In his habeas petition, McCullom alleges that the state court lacked subject-matter jurisdiction, his convictions were based on faulty information, there was a violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and counsel was ineffective.

This court undertook a preliminary review of the Petition as mandated by Rule 4, Rules Governing Section 2254 Cases (2010), and believed it subject to summary dismissal as time-barred.  *See* 28 U.S.C. § 2244(d); *see United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc).  The court provided the parties with an opportunity to address the timeliness issue.  (Doc. 10).  McCullom has not filed a brief or other response challenging the court's determination that his habeas petition is time-barred. Respondents filed a Response to the Habeas Petition on June 18, 2012, asserting the

petition is time-barred.  (Doc. 15).  For the reasons set forth below, the habeas petition will be dismissed as untimely.

II.     *Background*

On September 25, 2006, following a jury trial, McCollum was sentenced to a term of twenty-one to forty-two years of imprisonment.[1]  The Superior Court of Pennsylvania affirmed the conviction on direct appeal, *Commonwealth v. McCollum,* 322 MDA 2007 (Pa. Super. Ct. Dec. 12, 2007), and on July 10, 2008, the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal.  *Commonwealth v. McCollum*, No. 13 MAL 2008 (Pa.).  McCollum did not petition the United States Supreme Court for a writ of certiorari.

On September 10, 2008, McCollum filed a timely *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA),  42 Pa. Con. Stat. Ann. §§ 9541-9546 (West 2007 & Supp. 2012).  The trial court denied the PCRA petition on September 8, 2009.  The superior court affirmed the dismissal on July 23, 2010.  *See Commonwealth v. McCollum*, 6 A.3d 572 (Pa. Super. Ct.) (Table, No. 1791 MDA 2009).  On August 23, 2010, the superior court denied McCollum's Application for Reargument.  *Id*.  On November 22, 2010, McCollum filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc*.  On May 17, 2011, the Pennsylvania Supreme Court denied that request.  *See Commonwealth v. McCollum*, No. 216 MM 2010

---

[1]  The court takes judicial notice of the trial court's docket sheet, *Commonwealth v. McCollum*, CP-22-CR-0002018-2004 (Common Pleas Ct.--Dauphin Cnty.), as well as the docket sheets of the state appellate courts, which are available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

(Pa.).

III.   *Discussion*

There is a one-year statute of limitations on the filing of a 2254 petition. For our purposes, the statute begins to run from the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Wall v. Kholi*, ___ U.S. ___, ___, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). For a state prisoner who does not seek review in a state's highest court, the judgment becomes "final" on the date that the time for seeking such review expires. *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012). If a petitioner pursues "direct review all the way to [the United States Supreme Court], the judgment becomes final . . . when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Id*.

Statutory tolling under § 2244(d)(2) applies for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace,* 544 U.S. at 417, 125 S.Ct. at 1814 (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). An untimely petition for allowance

of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

The limitations period may also be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (also considering the possibility of equitable tolling by way of actual innocence).

McCollum's judgment of conviction became final on October 8, 2008, the expiration of the ninety-day period for seeking certiorari review in the United States Supreme Court from the Pennsylvania Supreme Court's denial of his Petition for Allowance of Appeal on the direct appeal of his conviction.  Generally, the one-year statute of limitations would have begun running on that date, but petitioner timely filed a PCRA petition on September 10, 2008, before that period expired.  Hence, the limitations period did not begin running until September 22, 2010, when the period to seek appeal of the Pennsylvania Superior Court's order dismissing his motion for reargument expired.  Accordingly, petitioner had until September 22, 2011, to file his federal habeas petition.  However, he did not file his 2254 petition until February 6, 2012, more than 137 days after the limitations period expired.[2]  The petition is thus untimely.

---

[2]  The petition was docketed on February 8, 2012, but Petitioner affirms he placed it in the prison mail system on February 6, 2012, so under the prison mailbox rule, we consider February 6, 2012, the filing date.  *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

In his 2254 petition, McCollum argues that his petition is timely because the limitations period was tolled until May 17, 2011, the date the Pennsylvania Supreme Court denied his petition to file for allowance of appeal *nunc pro tunc* in the postconviction proceedings. Doc. 1, Pet. ¶ 13. He is mistaken. Pennsylvania Rule of Appellate Procedure 1113(a) requires that a petition for allowance of appeal must be filed within thirty days from the date the order is entered. The superior court denied reargument on August 23, 2010, but McCollum did not file his *Nunc Pro Tunc* Petition for Allowance of Appeal until November 22, 2010. As a matter of state law, the *nunc pro tunc* petition was not properly filed and therefore did not statutorily toll the limitations period. *See Douglas*, 359 F.3d at 262.

Finally, we note that McCullom did not present any arguments that would merit a finding that equitable tolling of the limitations period is warranted in this case. For these reasons, the petition will be dismissed as untimely.

IV.   *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, McCullom has not made such a showing. Therefore, a certificate of appealability will not issue. However, McCullom is advised that he has the right for thirty (30) days to appeal our Order denying his § 2254 motion, *see* 28 U.S.C. § 2253(a) and Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22.

We will issue an appropriate order.

       /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 27, 2012

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NEAL McCOLLUM, :
      Petitioner :
: CIVIL NO. 1:12-CV-241
    v. :
: (Judge Caldwell)
KENNETH R. CAMERON, *et al.,* :
      Respondents :

*O R D E R*

AND NOW, this 27th day of June, 2012, for the reasons set forth in the foregoing Memorandum, it is hereby ordered that:

    1. The petition for a writ of habeas corpus (Doc. 1) is denied as time-barred.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                                  /s/ William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge